## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

August 31, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: L.L.**

**No. 15-0107** (Kanawha County14-JA-151 through 14-JA-154)

### MEMORANDUM DECISION

Petitioner Father C.L., by counsel Mark Plants, appeals the Circuit Court of Kanawha County's January 9, 2015, order terminating his parental rights to L.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Sharon Childers, filed a response on behalf of the child in support of the circuit court's order.[2] On appeal, petitioner alleges that the circuit court erred in terminating his parental rights upon an erroneous finding.[3]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]In the circuit court, this case concerned four minor children, only one of which, L.L., is petitioner's biological child. On appeal, petitioner raises assignments of error regarding L.L. only. As such, this memorandum decision does not concern the circuit court's rulings in regard to the remaining children.

[2]The guardian's response to this Court, which was filed as a summary response pursuant to Rules 10(e) and 11(h) of the Rules of Appellate Procedure, fails to include a section regarding the status of the children. This information is of the utmost importance to this Court. We refer the guardian to Rule 11(j) of the Rules of Appellate Procedure, which requires briefs in abuse and neglect appeals to contain a section on the current status of the children, permanent placement goals, and the current status of the parental rights of all of the children's parents. We decline to employ its use in this matter, but we caution the guardian that Rule 10(j) provides for the imposition of sanctions where a party's brief does not comport with the Rules.

[3]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

In April of 2014, the DHHR filed an abuse and neglect petition against petitioner alleging that he sexually abused T.B., one of his girlfriend's daughters. The DHHR also alleged that petitioner committed acts of domestic violence in the presence of the children. Further, the DHHR alleged that petitioner failed to provide the children with necessary food, clothing, supervision, and housing. In May of 2014, T.B. was interviewed by Maureen Runyon at the Child Advocacy Center. During this interview, T.B. disclosed multiple acts of sexual abuse perpetrated by petitioner. T.B. also disclosed witnessing acts of domestic violence by petitioner towards her mother, C.B., which included punching and kicking.[4] Ms. Runyon also interviewed another child in the home, H.B., who also disclosed acts of domestic violence between petitioner and C.B.

In September of 2014, the circuit court held a hearing during which petitioner testified. Petitioner denied sexually abusing T.B. and committing acts of domestic violence towards C.B. The following month, the circuit court held an adjudicatory hearing, during which Ms. Runyon's evidentiary deposition was admitted into evidence. Her testimony was consistent with T.B.'s and H.B.'s prior disclosures. After considering the testimony and the evidence presented, the circuit court adjudicated petitioner as an abusing parent, based in part, on the domestic violence toward C.B. in the presence of the children and excessive corporal punishment towards T.B. Specifically, the circuit court found that T.B. and H.B. provided similar and credible disclosures regarding the domestic violence toward C.B. The circuit court also found that petitioner's testimony was inconsistent. Furthermore, the circuit court denied petitioner's motion for an improvement period because he failed to demonstrate by clear and convincing evidence that he was likely to participate in an improvement period.

The circuit court held a dispositional hearing in December of 2014, during which petitioner again denied sexually abusing T.B. or physically abusing the children. Ultimately, the circuit court terminated petitioner's parental rights to L.L., in part, because petitioner committed acts of domestic violence in the presence of the children. The circuit court further found that petitioner "continues to deny any type of abuse, sexual or physical" and failed to take the appropriate steps to remedy the conditions which led to the filing of the underlying petition. It is from the dispositional order that petitioner now appeals.

The Court has previously established the following standard of review:

> "'Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However,

---

[4]T.B. also disclosed that C.B. had a black-eye.

a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.' Syllabus Point 1, *In the Interest of: Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996)."

Syl. Pt. 1, *In re Faith C.*, 226 W.Va. 188, 699 S.E.2d 730 (2010).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights based upon an erroneous finding. Specifically, petitioner argues that the DHHR failed to prove by clear and convincing evidence that he sexually abused T.B. Upon our review, the Court finds no error in the circuit court's order terminating petitioner's parental rights. The Court notes that it is unnecessary to analyze this assignment of error because, in addition to terminating petitioner's parental rights based upon the sexual abuse of T.B., the circuit court also terminated petitioner's rights based upon the clear and convincing evidence that he committed acts of domestic violence towards C.B. in the presence of the children. Petitioner does not challenge this finding in this appeal.[5] The circuit court found that petitioner "continues to deny any type of abuse, sexual or physical" and has failed to take the appropriate steps to remedy the conditions which led to the filing of the underlying petition. This finding alone is sufficient to support the circuit court's order terminating petitioner's parental rights. *See* W.Va. Code § 49-6-5(b)(2). Therefore, we find no error.

For the foregoing reasons, we find no error in the decision of the circuit court and its January 9, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[5]Petitioner denied committing acts of domestic violence in the presence of the children during the underlying proceedings.